BOYD, Justice.
This cause is before us on petition for writ of certiorari to the Florida Industrial Relations Commission.
The following are the facts of the case: The Claimant, Petitioner herein, suffered injury by accident arising out of and in the course of his employment with the City of North Miami Beach, Florida, when on July 22, 1969, as a volunteer auxiliary policeman, and while attending a self-defense class under the supervision of the City of North Miami Beach Police Department, he was thrown by a police instructor causing injury to his left knee.
The North Miami Beach Auxiliary Police was formed by resolution of the City of North Miami in 1958, and is composed of private citizens who volunteer their services, without monetary compensation, to assist the regular city police. The Claimant, who, at the time of his injury, was otherwise employed as a manufacturer’s traveling sales representative, joined the organization when it was formed because he considered membership therein a civic duty and did not expect to benefit from the organization in any personal manner.
It was the testimony of the Claimant that he would not have taken the position if he had not been afforded protection as any other police officer in the department:
“Q. When you inquired about protection what would you have done if you were told you had no protection.
“A. I would have refused the position, definitely, since I have a family to protect and it would not be to my advantage to belong to an organization such as that without knowing there was some coverage to my person and my family.”
The Claimant first became an auxiliary policeman in 1964. Resolution R66-74, regarding the creation of an auxiliary police division in the City of North Miami Beach, was passed in 1966. Section 1 of that Resolution contains a paragraph stating that, while such service is to be volunteer work, the individual shall nevertheless be fur *300 nished uniforms at the cost of the City. Indeed, prior to the passage of said Resolution, Claimant was advised by the Chief of the Auxiliary that he would be protected in case anything would happen, the same as any other police officer in the department.
As an auxiliary policeman, the Claimant was required to serve approximately 16 hours per month with a regular police officer. He performed normal police functions and, in addition, was required over a period of time to undertake 250 hours of police training. Other than the minimum hours, the Claimant was not obligated to work any specific hours; rather, he just reported to the shift commander and was assigned his duties at that time. The City loaned to each auxiliary policeman, including the Claimant, one complete set of uniforms, including one winter uniform and two summer uniforms. The Claimant testified that the complete set of uniforms was worth a minimum of $200.00. The uniforms furnished to the Claimant were the same as those worn by the regular city police force with the exception of the arm patch. The City also made available service revolvers and ammunition. However, the Claimant owned his own service revolver and used that while on duty.
Following his accident, the Claimant reached maximum medical recovery on February 17, 1970. It was stipulated by the parties that the Claimant suffered a 20% permanent partial disability of his left leg. The employer voluntarily paid the Claimant’s medical expenses to date and never denied medical care in the future.
Following his accident, the Claimant filed a claim against the City of North Miami Beach in the Circuit Court of Dade County, Florida, for damages at Common Law, which case was ultimately dismissed with prejudice on the City’s motion that the Claimant, being an employee, had an exclusive remedy in Workmen’s Compensation.[1] Counsel for the City of North Miami Beach, at the time of the hearing, had stated:
“I do not think in good conscience we can say the employee was not an employee.”
Claimant then brought suit under the Workmen’s Compensation Laws. The Judge of Industrial Claims found that, although Claimant was a non-salaried volunteer employee (the Respondent having taken the position that the Claimant was an unsalaried employee, and, under authority of Wolf v. Town of Altamonte Springs,[2] Claimant was entitled to medical care only, which was voluntarily provided), he was furnished uniforms by the City, which was of material benefit to Claimant, and thus awarded medical benefits and the minimum weekly compensation of $8.00 for ten weeks of temporary total disability and 20% permanent partial disability of the left leg.
The Order of the Judge of Industrial Claims rejected a claim for maximum compensation upon an estoppel theory raised by Claimant, and granted attorney’s fees upon the compensation of temporary total disability and permanent partial disability . awarded.
From the Order of the Judge of Industrial Claims, the Respondent timely filed Application for Review to the Industrial Relations Commission, raising in *301 its application one point only: that the Judge of Industrial Claims erred in awarding the minimum compensation of $8.00 per week for temporary total disability and permanent partial disability benefits. At no time, either in its Application for Review or its Briefs to the Industrial Relations Commission, did the Respondent contest the question of an employer-employee relationship between the parties at the time of the accident.
In response to Respondent’s Application for Review, Claimant timely filed his Cross-Application for Review, alleging an estoppel theory, and that the Judge of Industrial Claims erred in failing to award Claimant the maximum weekly compensation of $49.00 for temporary total disability and permanent partial disability of the left leg.
Despite the lack of the issue of an employer-employee relationship between Claimant and Respondent, and in apparent direct violation of the authority of Wolf v. Town of Altamonte Springs, supra, the Industrial Relations Commission in its Order of October 3, 1972, found that Claimant was not an employee of the City, reversed the finding of the Judge of Industrial Claims of the $8.00 per week minimum compensation, affirmed the finding of the Judge of Industrial Claims that no estoppel existed, and dismissed the claim.
The question before this Court, then, is whether, in light of the particular circumstances of this case, the Industrial Relations Commission erred in finding that the Claimant was not an employee of the Respondent City.
The answer to this question must be in the affirmative. After the Claimant’s complaint was dismissed -in the Circuit Court, based upon the affirmative defense raised by the City that since the Claimant was a city employee, his exclusive remedy was under the Workmen’s Compensation Act, the City, to its credit, never contested the question of whether or not Claimant was an employee of the City. It was never raised in its Application for Review before the Industrial Relations Commission, and never alluded to in its Briefs presented to the Industrial Relations Commission. On the contrary, the City asserted that, under similar circumstances, the Court in Wolf v. Town of Altamonte Springs, supra, held that a volunteer fireman was an employee of the City although he received no salary. The City’s objection to the Order of the Judge of Industrial Claims was only the award of money compensation based upon the value of the uniforms provided the Claimant.
We are thus presented with a situation where: 1) the Claimant, based upon his conversations with the Chief of Police, believed he would be covered under Workmen’s Compensation; 2) the City, through its counsel, and in its motion to dismiss, represented to the Circuit Court that the Claimant was indeed a City employee, whose sole remedy for an on the job accident would be Workmen’s Compensation; and, 3) as a result of these representations, the Claimant was dismissed from Circuit Court, thereby losing the opportunity to pursue any type of action other than Workmen’s Compensation.
From the facts of this case, then, and on the basis of Wolf v. Town of Altamonte Springs, supra, which held that a volunteer fireman was an employee of the City although he received no salary, it is clear that the Industrial Relations Commission erred in reversing the Judge of Industrial Claims. In our opinion, there is no distinguishing a volunteer fireman who fights one public menace, fire, from a volunteer policeman who fights another public menace, crime. We must, therefore, hold that, under the foregoing authority, an auxiliary policeman is an employee within the provisions of the Workmen’s Compensation Law.
*302 Upon the question of the benefits to which the claimant was entitled, the Judge of Industrial Claims made the following finding:
“I find that the claimant by service as an Auxiliary Policeman received more than just simple satisfaction that he was just contributing to the betterment of his community himself and his family. I find that the uniforms provided and paid for by the City of North Miami Beach were of material benefit to the claimant to the extent that he would be entitled to the minimum weekly compensation rate of $8.00 per week.”
* * * * *
“WHEREFORE, it is the order of the undersigned Judge of Industrial Claims that the employer, CITY OF NORTH MIAMI BEACH, do:
“(1) Pay claimant compensation at $8.00 per week for 10 weeks representing temporary total disability commencing July 22, 1969.
“(2) Pay claimant compensation at $8.00 per week for 20% permanent partial disability of the left leg commencing September 30, 1969.”
In view of the facts and circumstances of the case, we are compelled to agree with the trial judge’s foregoing conclusion.
Accordingly, the petition for writ of cer-tiorari is granted, the Order of the Industrial Relations Commission is quashed, and the cause remanded with instructions to reinstate the Order of the Judge of Industrial Claims in full.
It is so ordered.
CARLTON, C. J., and ROBERTS, ERVIN, ADKINS, McCAIN and DEKLE, JJ., concur.

. The City’s Motion To Dismiss read, in part: “The Plaintiff clearly and accurately reflects in the complaint that at the time of the incident complained of in the complaint, the Plaintiff was then and there an employee of the Defendant and, therefore his exclusive remedy would be workmen’s compensation benefits as provided for by Section 440, Florida Statutes.”

. 5 F.C.R. 2 (IRC Decision 2-1102, Aug. 16, 1961), cert. denied, 148 So.2d 13 (Fla.1962).