Mr. William E. Partridge Chairman, Whitfield Fire Control District 1800 Second Street Suite 777 Sarasota, Florida 34236
Dear Mr. Partridge:
As Chairman of the Whitfield Fire Control District, you have asked for my opinion on substantially the following questions:
1. Are volunteer firefighters for the Whitfield Fire Control District entitled to workers' compensation coverage under Chapter 440, Florida Statutes?
2. Is the Whitfield Fire Control District an agency covered by the sovereign immunity limitations of section 768.28, Florida Statutes?
In sum:
1. Workers' compensation coverage must be maintained for the volunteer firefighters who provide services for the Whitfield Fire Control District.
2. The Whitfield Fire Control District is subject to the sovereign immunity provisions of section 768.28, Florida Statutes.
Question One
The Whitfield Fire Control District was created by the Legislature in Chapter 67-914, Laws of Florida, and operates in Manatee County, Florida.[1] You advise that an average of twenty volunteer firefighters provide services on behalf of the district and are compensated on a "per call" basis.
According to its enabling legislation, the Whitfield Fire Control District is a "special fire control district" and "a public municipal corporation."[2] Thus, the district is a public body within the scope of section 1.01(8), Florida Statutes:
The words "public body," "body politic," or "political subdivision" include counties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge districts, and all other districts in this state.
Pursuant to Chapter 440, Florida Statutes, certain volunteers may be excluded from coverage under the Workers' Compensation Law "except a volunteer worker for the state or a county, municipality, or other governmental entity."[3] An "employer" for purposes of the Workers' Compensation Law is defined to include "the state and all political subdivisions thereof, [and] all public and quasi-public corporations[.]"[4]
The general rule, expressed by the Florida Supreme Court, is that "[t]he Workmen's Compensation Act applies to all employment unless specifically exempt. . . ."[5] Thus, volunteers for governmental entities are covered by the Workers' Compensation Act.[6] Florida case law has long recognized that volunteers in such positions as firefighters and police officers are entitled to Workers' Compensation coverage.[7]
I would note that Chapter 191, Florida Statutes, the Independent Special Fire Control District Act, under which the Whitfield Fire Control District must act, authorizes such districts "[t]o provide adequate insurance on all real and personal property, equipment, employees, volunteer firefighters, and other personnel."[8]
Thus, it is my opinion that workers' compensation coverage must be maintained for the volunteer firefighters who provide services for the Whitfield Fire Control District.
Question Two
You have also asked whether the Whitfield Fire Control District is subject to the sovereign immunity limitations of section 768.28, Florida Statutes.
As discussed above, the Whitfield Fire Control District was created by the Legislature as a special fire control district. The district is authorized to levy special assessments against the taxable real estate within its boundaries.[9] In addition, the district is authorized to impose impact fees for the acquisition, purchase or construction of new district facilities.[10] An examination of the enabling legislation indicates that the district is an independent special district.[11]
The Florida Constitution states that "[p]rovision may be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating."[12] Section768.28, Florida Statutes, provides a limited waiver of immunity for the state "and for its agencies or subdivisions" to the extent provided in the act. Subsection (1) of the statute provides in part:
"Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of the employee's office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act. . . ."
The waiver of immunity is limited to $100,000 on any claim or judgment by one person or $200,000 for all claims arising out of the same judgment or occurrence regardless of "whether or not the state or its agencies or subdivisions possessed sovereign immunity before July 1, 1974."[13]
"[S]tate agencies or subdivisions" are defined to include, among others, "the independent establishments of the state; . . . and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities[.]"[14] This office has previously stated that special districts created pursuant to law or ordinance fall within the purview of the above definition.[15]
For example, in Attorney General Opinion 87-38, this office concluded that a special fire control district created by special act was a subdivision of the state for purposes of the waiver of sovereign immunity statute. Subsequently, in Attorney General's Opinion 94-14, the St. Lucie County-Fort Pierce Fire Prevention and Control District, an independent special district and public corporation, was determined to be a "state agency or subdivision" for purposes of section 768.28, Florida Statutes. Following the reasoning of those opinions, a fire control district established by special act as a special district and public municipal corporation would appear to come within the statutory definition of "state agencies or subdivisions."
Accordingly, it is my opinion that the Whitfield Fire Control District is subject to the provisions of section 768.28, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, Ch. 67-914, Laws of Florida, as amended by Chs. 77-599 and 84-474, Laws of Florida.
[2] See, s. 1, Ch. 67-914, Laws of Florida, and s. 1, Ch. 84-474, Laws of Florida.
[3] Section 440.02(14)(d)6., Fla. Stat. (1998 Supp.).
[4] Section 440.02(15), Fla. Stat. (1998 Supp.).
[5] See, Street v. Safway Steel Scaffold Company, 148 So.2d 38,42 (Fla. 1962).
[6] See, Op. Att'y Gen. Fla. 73-468 (1973).
[7] See, Rosenbush v. City of North Miami Beach, 281 So.2d 298
(Fla. 1973) and Wolf v. City of Altamonte Springs, 148 So.2d 13
(Fla. 1962).
[8] Section 191.006(17), Fla. Stat.
[9] See, ss. 5 and 15, Ch. 84-474, Laws of Florida.
[10] Section 16, Ch. 84-474, Laws of Florida.
[11] And see, Florida Department of Community Affairs "Official List of Special Districts," which identifies the Whitfield Fire Control District as an independent special district.
[12] Article X, s. 13, Fla. Const. 
[13] See, s. 768.28(5), Fla. Stat.
[14] See, s. 768.28(2), Fla. Stat.
[15] See, e.g., Op. Att'y Gen. Fla. 81-57 (1981) (Southwestern Palm Beach County Hospital District is a corporation primarily acting as an instrumentality of the county within the definitional purview of s. 768.28(2), Fla. Stat.); Op. Att'y Gen. Fla. 78-127 (1978) (Tampa Port Authority, created by special act, is within definitional purview and enacting terms of s. 768.28, Fla. Stat.); Op. Att'y Gen. Fla. 78-113 (1978) (East Beach Water Control District, a public corporation, is within the definitional purview of s. 768.28, Fla. Stat.).