Mr. J.D. Armstrong Fire Chief, Village of North Palm Beach 560 U.S. Highway 1 North Palm Beach, Florida 33408-4902
Dear Chief Armstrong:
You ask substantially the following questions:
1. Must "public safety officers" who are certified police officers but also perform the duties and functions of professional firefighters be qualified and certified as firefighters under Florida law?
2. Are volunteer firefighters performing the duties and functions of professional firefighters and receiving pay from the village considered professional firefighters employed by the village who must be certified under Florida law?
In sum:
1. "Public safety officers" who perform the duties and functions of professional firefighters for the village must be qualified and certified as professional firefighters under Chapter 633, Florida Statutes.
2. Volunteer firefighters who are paid for performing the functions of professional firefighters for the village would be employees who must be qualified and certified pursuant to Chapter 633, Florida Statutes.
Question One
You state that the Village of North Palm Beach (the village) proposes the use of Public Safety Officers who would function as police officers required to maintain certification by the Criminal Justice Standards and Training Commission, but who would also be required by their job description to perform all the duties and functions associated with professional firefighters. The question has arisen whether a Public Safety Officer would also have to be certified as a firefighter in order to carry out firefighting functions.
Section 633.30(1), Florida Statutes, defines "[f]irefighter" as:
"any person initially employed as a full-time professional firefighter by any employing agency, as defined herein, whose primary responsibility is the prevention and extinguishment of fires, the protection and saving of life and property, and the enforcement of municipal, county, and state fire prevention codes, as well as of any law pertaining to the prevention and control of fires."
In Attorney General Opinion 72-281, this office was asked whether an employee classified as a "public safety officer" whose primary duties combined those normally associated with police protection and firefighting would be subject to certification as a police officer, a firefighter, or both. The opinion cites to the legislative intent in creating certification programs for firefighters and police officers to strengthen and upgrade law enforcement and fire protection in Florida by attracting competent, highly qualified people for these professions in order to provide the maximum protection and safety to the citizens of this state. In order to carry out this intent, the opinion found that a "public safety officer" whose duties combined those of a firefighter and a police officer would necessarily fall within the purview of the certification requirements for each profession. The opinion recognized, however, that the performance of law enforcement duties by a "public safety officer" would not exempt the individual from the certification requirements for a professional firefighter if that individual were performing the duties and had the responsibilities of a professional firefighter.[1]
The Firefighters Standards and Training Council is created within the Department of Insurance.[2] The council's powers include recommending, for adoption by the Division of State Fire Marshal (division), uniform minimum standards for the employment and training of firefighters.[3] The head of the Department of Insurance is designated as "State Fire Marshal," with the power to adopt rules in order to implement the provisions of Chapter 633, Florida Statutes.[4] The Division of State Fire Marshal is responsible for establishing a firefighter training program to provide basic employment training for firefighters.[5] Individuals who satisfactorily comply with the training program established by the division, successfully pass an examination prescribed by the division, and possess the qualifications for employment set forth in section 633.34, Florida Statutes, are issued a certificate allowing them to be employed as a firefighter.[6] No person may be employed as a "regular or permanent firefighter" by an employing agency for more than one year from the date of initial employment until he or she has obtained the certificate of compliance. A person who does not hold a certificate of compliance "may not directly engage in hazardous operations, such as interior structural firefighting and hazardous-materials-incident mitigation, requiring the knowledge and skills taught in a training program. . . ."[7]
The plain language of section 633.35, Florida Statutes, requires individuals employed as regular or permanent firefighters to possess a certificate of compliance from the Division of State Fire Marshal. While the definition of "firefighter" in section633.30(1), Florida Statutes, would appear to limit the term to full-time employees, the more specific certification requirement in section 633.35, Florida Statutes, applies to a broader range of individuals employed as regular or permanent firefighters.
This office has been informed by the Division of State Fire Marshal that its position is that a certified police officer employed by the city to perform duties generally performed by a career, professional firefighter meets the definition of the term "firefighter" under Chapter 633, Florida Statutes, and therefore must be certified pursuant to Florida law. As the administrative agency charged with implementation of Chapter 633, Florida Statutes, the division's interpretation of the requirements of the act must be given great deference.[8]
Accordingly, it is my opinion that "public safety officers" who are regularly or permanently employed to perform the duties and functions of professional firefighters for the village must be qualified and certified as professional firefighters under Chapter 633, Florida Statutes.
Question Two
You state that the Village of North Palm Beach currently has an active volunteer fire department. As a membership requirement, each volunteer must serve a certain number of hours in the fire station each month. While serving these hours, volunteers must perform all the duties and functions normally associated with a professional firefighter. In an effort to increase the number of hours and improve recruitment, the village is considering offering monetary compensation to the volunteers for such service. The question arises, however, whether monetary compensation makes these individuals employees who are considered professional firefighters under Chapter 633, Florida Statutes.
As noted above, a firefighter is defined as any person "initiallyemployed as a full-time professional firefighter by any employing agency, . . ., whose primary responsibility is the prevention and extinguishment of fires. . . ."[9] (e.s.) While the term "employed" is not defined for purposes of the chapter, employment has as its basis the receipt of remuneration for services rendered.[10] For example, in section 440.102(1)(f), Florida Statutes, "[e]mployee" is defined as "any person who works for salary, wages, or other remuneration for an employer."
Thus, payment of an hourly wage or salary for services rendered would be considered an employment.[11] The Division of State Fire Marshal has taken the position that volunteer firefighters who are paid for their services become employees, no longer considered volunteers, and must be certified under Chapter 633, Florida Statutes.[12]
In an analogous situation,[13] this office considered the impact of a volunteer receiving remuneration for services rendered under the Volunteer Protection Act.[14] Looking to the plain language of the Act at that time providing that protected persons serve "without compensation, except reimbursement for actual expenses," this office concluded that the payment of a stipend to a volunteer would remove the individual from the protection of the Act.[15]
It is my opinion, therefore, that payment of a salary or hourly wage to individuals for their performance of professional firefighting services would remove them from their volunteer status and make them employees of the village subject to the certification requirements in Chapter 633, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See also, Op. Att'y Gen. Fla. 76-75 (1976) (no individual shall be employed as a regular or permanent or full-time professional firefighter by an employing agency without first having received certification as a firefighter).
[2] Section 633.31(1), Fla. Stat.
[3] Section 633.33(1), Fla. Stat.
[4] Section 633.01(1), Fla. Stat.
[5] Section 633.35(1), Fla. Stat.
[6] Section 633.35(2), Fla. Stat.
[7] Id.
[8] See, AmeriSteel Corporation v. Clark, 691 So.2d 473 (1997).
[9] Section 633.30(1), Fla. Stat.
[10] See, Op. Att'y Gen. Fla. 74-155 (1974) (if volunteer is employed for compensation at the rate of one dollar per year, he may be considered an employee). Webster's Third New International Dictionary 743 (unabridged ed. 1981) defines "employment" as "work in which one's labor or services are paid for by an employer."Cf., Wolf v. Town of Altamonte Springs, 148 So.2d 13 (Fla. 1962) (volunteer fireman was an employee of the city although he received no salary where volunteer fire department received money from the city); and Rosenbush v. City of North Miami Beach,281 So.2d 298 (Fla. 1973) (auxiliary policeman is an employee within the provisions of the Workmen's Compensation Law).
[11] Cf., s. 175.032(8)(b), Fla. Stat., for purposes of providing firefighter pensions, the receipt of compensation for services rendered by a volunteer firefighter does not disqualify him or her as a volunteer.
[12] See, n. 8, supra., and related text establishing the Division of State Fire Marshal as the administrative agency responsible for the administration and interpretation of Ch. 633, Fla. Stat.
[13] See, Op. Att'y Gen. Fla. 93-88 (1993).
[14] Section 768.1355, Fla. Stat.
[15] Section 768.1355, Fla. Stat., was amended by s. 50, Ch. 96-399, Laws of Fla., to provide:
"For purposes of this act, the term "compensation" does not include a stipend as provided by the Domestic Service Volunteer Act of 1973, as amended (Pub.L. No. 93-113), or other financial assistance, valued at less than two-thirds of the federal hourly minimum wage standard, paid to a person who would otherwise be financially unable to provide the volunteer service."